IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 21-cv-01556-CMA-SKC

WESTCHESTER FIRE INSURANCE COMPANY,

    Plaintiff,

v.

MVA WALL SYSTEMS, LLC,
MARK VOLOSIN,
JOANNA TEJERO, and
DAVID VOLOSIN

    Defendants.

## ORDER DENYING MOTIONS FOR DEFAULT JUDGMENT

This matter is before the Court on Plaintiff Westchester Fire Insurance Company's Motion for Entry of Default Judgment (Doc. # 22) and Amended Motion for Entry of Default Judgment and Supplemental Brief in Support (Doc. # 26). For the following reasons, the Court denies the motions without prejudice.

### I.    BACKGROUND

**A.    FACTUAL BACKGROUND**

This is an action by a surety, Westchester Fire Insurance Company ("Westchester" or "Plaintiff"), against MVA Wall Systems, LLC ("MVA"), Mark Volosin,

Joanna Tejero, and David Volosin (collectively, "Defendants").[1] Plaintiff alleges that it issued performance bonds on behalf of MVA for a "subcontract to construct manufactured roofing and siding," with a total penal sum on the open bonds totaling $521,062. (Doc. # 1 at ¶ 18.)

In exchange for performance on the bonds, Defendants executed an indemnity agreement ("Agreement"), agreeing to indemnify Plaintiff against any claims made on the bonds. (*Id.* at ¶¶ 20–23.) As part of the Agreement, Defendants were required to post collateral against actual and anticipated losses related to the bond. (*Id.* at ¶¶ 24–26.) Defendants have not posted the collateral, nor have they responded to Westchester's demand letters to post the collateral. (*Id.* at ¶¶ 26–29.)

Westchester maintains that it will be harmed if Defendants are not required to post collateral in the amount of $521,062. (*Id.* at ¶ 30.) Accordingly, in the Complaint, Westchester seeks specific performance from Defendants. (*Id.* at 13–14.) Plaintiff also seeks a lien against Defendants' property and access to Defendants' records so that Plaintiff can obtain collateral as promised by the Agreement. (*Id.*)

B.   PROCEDURAL BACKGROUND

On June 9, 2021, Plaintiff brought this action against Defendants, alleging claims for (1) Breach of Express Contract (*id.* at ¶¶ 31–36); (2) Common Law Indemnification (*id.* at ¶¶ 37–41); (3) Injunctive Relief—Specific Performance (*id.* at ¶¶ 42–48);

---

[1] The Court notes that Plaintiff filed a document with its complaint containing Defendants' social security numbers. Plaintiff is reminded of its obligation to redact such information from the public record. *Collins v. Diversified Consultants Inc*, No. 15-cv-02115-RBJ-NYW, 2016 WL 11693445, at *1 (D. Colo. Aug. 25, 2016).

(4) Injunctive Relief – *Quia Timet* (*id.* at ¶¶ 49–58); (5) Unjust enrichment (*id.* at 59–66); and (6) Declaratory Relief (*id.* at ¶¶ 67–71).

On July 29, 2021, at Plaintiff's request, the Clerk entered default against Defendants MVA, Mr. Mark Volosin, and Mr. David Volosin. (Doc. ## 7, 8, 10.) On October 29, 2021, again at Plaintiff's request, the Clerk entered default against Defendant Joanna Tejero. (Doc. ## 14–16.)

On March 3, 2022, Plaintiff filed two motions for default judgment. (Doc. ## 17, 18.) The Court denied those motions for failure to comply with the Court's practice standards. (Doc. # 19.) On March 29, 2022, Plaintiff filed the following: (1) Motion for Attorney Fees (Doc. # 20); (2) Motion for Costs (Doc. # 21); and (3) Motion for Default Judgment, against all Defendants on all causes of action (Doc. # 22).

On April 1, 2022, the Court ordered Plaintiff to show cause why the Clerk's entry of default against Defendant Tejero should not be discharged for failure to adequately demonstrate that Plaintiff personally served Ms. Tejero. (Doc. # 23.) Further, the Court directed Plaintiff to supplement its briefing on the Motion for Default Judgment and explain "why default judgment is appropriate as to each cause of action and for each defendant." (*Id.*). The Court also directed Plaintiff to "include citations to law, discuss the elements of each claim, and apply the law to the facts of this case." (*Id.*)

On April 15, 2022, Plaintiff filed its Amended Motion for Entry of Default Judgment and Supplemental Brief in Support (the "Amended Motion," Doc. # 26). In its Amended Motion, Plaintiff now moves for default judgment under its first cause of action—Breach of Express Contract—against all Defendants. (*Id.* at ¶ 12.) Plaintiff also

represents that, once the Court grants default judgment on its claim for Breach of Express Contract, Westchester will dismiss the remaining causes of action, without prejudice. (*Id.*)

## II. LEGAL STANDARD

Pursuant to the Federal Rules of Civil Procedure, courts must enter a default judgment against a party that has failed to plead or otherwise defend an action brought against it. Fed. R. Civ. P. 55(b)(2). Default judgment may be entered by the clerk of court if the claim is for "a sum certain." Fed. R. Civ. P. 55(b)(1). In all other cases, "the party must apply to the court for a default judgment." Fed. R. Civ. P. 55(b)(2).

The decision to enter default judgment is "committed to the district court's sound discretion." *Olcott v. Del. Flood Co.*, 327 F.3d 1115, 1124 (10th Cir. 2003) (quoting *Dennis Garberg & Assocs. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 771 (10th Cir. 1997)). Default judgment is typically available "only when the adversary process has been halted because of an essentially unresponsive party." *In re Rains*, 946 F.2d 731, 732–33 (10th Cir. 1991) (quotation omitted). "In that instance, the diligent party must be protected lest he be faced with interminable delay and continued uncertainty as to his rights. The default judgment serves as such protection." *Id.* (quotation omitted).

## III. ANALYSIS

Before granting a motion for default judgment, the Court must ensure that it has subject matter jurisdiction over the action and personal jurisdiction over the defaulting defendants. *See Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1202–03 (10th Cir. 1986). Next, the Court should consider whether the well-pleaded allegations of fact—which are

admitted by the defendant upon default—support a judgment on the claims against the defaulting defendant. *See Olcott*, 327 F.3d at 1125 (stating that upon default, the defendant admits the plaintiff's allegations); *see also Person. Indus. Loan Corp. v. Forgay*, 240 F.2d 18, 20 (10th Cir. 1956) ("By failing to appear and permitting a default judgment to be entered, [defendant] admitted only facts well pleaded."). "The Court also accepts as undisputed any facts set forth by the moving party in affidavits and exhibits." *Bricklayers & Trowel Trades Int'l Pension Fund v. Denver Marble Co.*, No. 16-cv-02065-RM, 2019 WL 399228, at *2 (D. Colo. Jan. 31, 2019).

**A.     JURISDICTION**

  1. Subject Matter Jurisdiction

The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Plaintiff is incorporated in New York with a principal place of business located in Pennsylvania. (Doc. # 1 at ¶ 9.); *see also Zimmerman Metals, Inc. v. United Engineers & Constructors, Inc., Stearns-Roger Div.*, 720 F. Supp. 859, 861 (D. Colo. 1989) (citing 28 U.S.C. § 1332(c) and noting that for diversity a corporation has dual citizenship in both the state of incorporation and the state where it has its principal place of business). Plaintiff alleges that the individual defendants reside in Colorado and are domiciled here. (Doc. # 1 at ¶¶ 3–5; 13–15.); *see also Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1238 (10th Cir. 2015).

Plaintiff also alleges that MVA is a limited liability company, and Mr. Mark Volosin is its sole member. (Doc. # 1 at ¶ 12.) Because Mr. Mark Volosin is a citizen of Colorado, MVA is also a citizen of Colorado. *McLaughlin v. Hughes*, No. 21-CV-03026-

5

PAB, 2021 WL 5359404, at *3 (D. Colo. Nov. 17, 2021). ("The citizenship of an LLC and other unincorporated association is determined not by its state of organization or principal place of business, but by the citizenship of all of its members.")

Finally, the amount in controversy exceeds $75,000 as Plaintiff seeks collateral of over $500,000. Accordingly, the Court is satisfied that it has diversity jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

2. Personal Jurisdiction

The Court also finds that it has personal jurisdiction over Defendants because service was adequate, see *Reg'l Dist. Council v. Mile High Rodbusters, Inc.*, 82 F. Supp. 3d 1235, 1241 (D. Colo. 2015), and exercising jurisdiction over Defendants comports with constitutional due process demands, *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008).

First, the Court finds that Plaintiff's service of process on Defendants was complete and adequate. Defendants MVA, Mark Volosin, and David Volosin were personally served on July 3, 2021. (Doc. # 26-1.)

On September 30, 2021, Plaintiff served a copy of the summons and complaint on an individual who identified himself as Ms. Tejero's stepfather at Ms. Tejero's residence. (Doc. # 25.) Under the federal rules, service may be completed by "leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there." *Barak v. Rooster's Guide & Outfitting Adventures*, No. 19-CV-03556-RM-GPG, 2020 WL 9424264, at *4 (D. Colo.

Apr. 28, 2020). Thus, Plaintiff has demonstrated that it completed service upon all Defendants in accordance with Fed. R. Civ. P. 4(h).

Next, the Court finds that exercising jurisdiction over Defendants comports with constitutional due process demands. Defendant MVH is a Colorado limited liability company with its principal place of business in Colorado. The individual defendants all reside in Colorado. Further, a substantial part of the events or omissions giving rise to the claims set forth in this lawsuit occurred within the State of Colorado. Accordingly, the Court has personal jurisdiction over Defendants.

**B.     FAILURE TO DEFEND**

It is manifest from the record that Defendants have failed to defend this lawsuit. Plaintiff served Defendants on July 3, 2021, and on September 30, 2021. Defendants have nevertheless failed to answer or otherwise respond to Plaintiff's Complaint (Doc. # 1), and the time to do so has expired. *See* Fed. R. Civ. P. 12(a). The Clerk of Court, therefore, properly entered a certificate of default against Defendants. The Court accordingly finds that Defendants have failed to defend or appear in this lawsuit.

**C.     LIABILITY & DAMAGES**

However, the Court finds that Plaintiff's requested relief conflicts with the allegations in the Complaint, and, therefore, default judgment cannot be entered. "[T]he decision to enter the judgment is discretionary." *Gomes v. Williams*, 420 F.2d 1364 (10th Cir. 1970). Further, "[a]lthough upon default the factual allegations of a complaint relating to liability are taken as true, those allegations relating to the amount of damages suffered ordinarily are not." *Reg'l Dist. Council*, 82 F. Supp. 3d at 1243

7

(quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods. Inc.*, 722 F.2d 1319, 1323 (7th Cir. 1983) ). Critically, "[a] default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings." *Bricklayers & Trowel Trades Int'l Pension Fund v. Denver Marble Co.*, No. 16-CV-02065-RM, 2019 WL 399228, at *4 (D. Colo. Jan. 31, 2019) (quoting Fed. R. Civ. P. 54(c)).

In this case, Plaintiff's entire complaint is based on its assertion that Defendants did not post adequate collateral for the bonds under the Agreement. (Doc. # 1 at ¶¶ 7–8, 23–30, 48, 54, 63–66.) Indeed, in invoking this Court's diversity jurisdiction, Plaintiff stated that the amount in controversy exceeds $75,000 because "Westchester seeks collateral in the amount of no less than $500,000.00." (*Id.* at ¶ 8.) Plaintiff stated that it needed this collateral because "Defendants' failure to respond to Westchester's demands and refusal to post collateral has exacerbated Westchester's concerns about the Defendants' willingness and ability to defend and indemnify Westchester as required by the GIA and prevailing law." (*Id.* at ¶ 28.)

Yet, in Plaintiff's Amended Motion for Default Judgment, Plaintiff attached an affidavit and identified a specific claim on the bonds for which Plaintiff asserts it must be indemnified. (*See* Doc. # 26.) Plaintiff also identifies an obligee on the bond—an entity not named in the Complaint. (*Compare* Doc. # 1 *with* Doc. # 26.) Further, Plaintiff states that it had to investigate claims made by the obligee and negotiate a favorable settlement. (*Id.* at 23–28.) Plaintiff now claims that it has incurred $406,080 to satisfy the bond. Thus, rather than seek collateral under the Agreement, as set forth in the Complaint, Plaintiff now seeks an amount that it paid to negotiate resolution of a claim.

8

Although some demand letters are attached to the Complaint—some of which name the parties Plaintiff identifies in the Amended Motion for Default Judgment—none of the foregoing allegations or information are contained within the Complaint. Plaintiff did not identify an obligee in the Complaint, did not identify specific claims for which it negotiated a settlement, and did not identify a specific amount that it seeks as repayment for the negotiated settlement.

In short, it appears that Plaintiff initially brought this lawsuit seeking collateral out of concerns for potential claims and anticipated negotiated settlements. However, Plaintiff has changed course and now seeks reimbursement for claims. However, the Court has an obligation to limit default judgment and damages to the kind and amount identified in the Complaint. *Bricklayers & Trowel Trades Int'l Pension Fund*, 2019 WL 399228, at *4. In this case, Plaintiff seeks a judgment and relief beyond what has been identified in the Complaint. Accordingly, the Court denies Defendant's motions for default judgment because the requested relief differs in kind from what is demanded in the pleadings.

## IV.   CONCLUSION

For the foregoing reasons, it is ORDERED as follows:

- Plaintiff's Motion for Default Judgment (Doc. # 22) and Amended Motion for Default Judgment (Doc. # 26) are DENIED, without prejudice.

- Plaintiff's Motion for Attorney Fees (Doc. # 20) and Motion for Costs (Doc. # 21) are DENIED, without prejudice; and

- The Court's Order to Show Cause (Doc. # 23) is DISCHARGED.

DATED:  April 25, 2022

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge