IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Christine M. Arguello

Civil Action No. 21-cv-01556-CMA-SKC

WESTCHESTER FIRE INSURANCE COMPANY,

    Plaintiff,

v.

MVA WALL SYSTEMS, LLC,
MARK VOLOSIN,
JOANNA TEJERO, and
DAVID VOLOSIN

    Defendants.

## ORDER DENYING MOTION FOR RECONSIDERATION

This matter is before the Court on Plaintiff Westchester Fire Insurance Company's Motion for Reconsideration (Doc. # 28). For the following reasons, the motion is denied.

### I.    BACKGROUND

The Court incorporates its previous recitation of the background of this case as stated in its Order Denying Motions for Default Judgment. (Doc. # 27 at 1-4.) On April 25, 2022, the Court denied Plaintiff Westchester Fire Insurance Company's ("Plaintiff" or "Westchester") Motion for Default Judgment (Doc. # 22), Amended Motion for Default Judgment (Doc. # 26), Motion for Attorney Fees (Doc. # 20), and Motion for Costs (Doc. # 21) without prejudice. (Doc. # 27 at 9-10.) The Court so ordered because the relief

requested in Plaintiff's Amended Motion for Default Judgment, was inconsistent with the allegations in their complaint. (Doc. # 27 at 7.) "[R]ather than seek collateral under the [Indemnity] Agreement, as set forth in the Complaint," in their Amended Motion for Default Judgment "Plaintiff [sought] an amount that it paid to negotiate resolution of a claim." (*Id*. at 8.)

Plaintiff now seeks reconsideration of the Court's April 25, 2022, Order. Plaintiff argues their Complaint pled for reimbursement of losses under the payment and performance bonds at issue and the Court erred in determining Plaintiff's Motions sought judgment and damages of a different kind and amount. (Doc. # 28 at 1.) Defendants have not defended or appeared in this lawsuit and have not responded to the current motion. *See* (Doc. # 27 at 7.)

## II. LEGAL STANDARD

Although the Federal Rules of Civil Procedure do not explicitly authorize a motion for reconsideration of an interlocutory ruling, district courts have broad discretion to reconsider their ruling before the entry of judgment. *See Rimbert v. Eli Lilly & Co.*, 647 F.3d 1247, 1251 (10th Cir. 2011) ("[D]istrict courts generally remain free to reconsider their earlier interlocutory orders."); Fed. R. Civ. P. 54(b) ("[A]ny order . . . that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties . . . may be revised at any time before the entry of a judgment."). Thus, a court can alter its interlocutory orders even where the more stringent requirements applicable to a motion to alter or amend a final judgment under Rule 59(e) or a motion for relief

2

from judgment brought pursuant to Rule 60(b) are not satisfied. *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Inv., II, LLC*, 887 F.3d 1003, 1024 (10th Cir. 2018).

"Notwithstanding the district court's broad discretion to alter its interlocutory orders, the motion to reconsider 'is not at the disposal of parties who want to rehash old arguments.'" *Nat'l Bus. Brokers, Ltd. v. Jim Williamson Prods., Inc.*, 115 F. Supp.2d 1250, 1256 (D. Colo. 2000) (quoting *Young v. Murphy*, 161 F.R.D. 61, 62 (N.D. Ill. 1995)). "Rather, as a practical matter, to succeed in a motion to reconsider, a party must set forth facts or law of a strongly convincing nature to induce the court to reverse its prior decision." *Id.* (internal quotation marks omitted and alterations incorporated). Even under this lower standard, "[a] motion to reconsider should be denied unless it clearly demonstrates manifest error of law or fact or presents newly discovered evidence." *Id.* (alterations incorporated); *see Sanchez v. Hartley*, 2014 WL 4852251, at *2 (D. Colo. Sept. 30, 2014) (refusing to reconsider an interlocutory order where the defendants did not show "an intervening change in the law, newly discovered evidence, or the need to correct clear error or manifest injustice"). The Court may be guided by Rules 59 and 60 standards in deciding whether to alter or vacate an interlocutory order. *Perkins v. Fed. Fruit & Produce Co. Inc.*, 945 F. Supp.2d 1225, 1232 (D. Colo. 2013).

### III.     ANALYSIS

Plaintiff has not presented a proper basis for reconsideration. Plaintiff has not presented any new evidence or a change in the controlling law. Nor has Plaintiff presented a need to correct clear error or prevent manifest injustice. Rather, Plaintiff requests the Court attempt to read between the lines of its Complaint and find additional

3

prayers for relief that were not explicitly pled. *See Drake v. City of Fort Collins*, 927 F.2d 1156, 1159 (10th Cir. 1991) (stating that the Court is not required to interpret pleadings to "construct arguments or theories for the plaintiff in the absence of any discussion of those issues").

It is true that the Indemnity Agreement Defendants entered into with Plaintiff includes an obligation to reimburse Westchester for losses under the bonds, and that the word "reimbursement" appears in the Complaint. (Doc. # 1 at ¶¶ 7, 21; Doc. # 1-2.) However, that does not satisfy Plaintiff's obligation to advise Defendants that it was actually seeking damages from payments already made to an obligee under the bonds. *See SEC v. Dalmy*, No. 19-cv-00745-RM-NYW, 2020 WL 108664, at *4 n.5 (D. Colo. Jan. 9, 2020) (refraining from awarding a civil penalty sought in plaintiff's motion for default judgment when no such relief was requested in the operative complaint); *Bricklayers & Trowel Trades Int'l Pension Fund v. Denver Marble Co.*, No. 16-CV-02065-RM, 2019 WL 399228, at *4 (D. Colo. Jan. 31, 2019) (declining to enter a default judgment where inconsistencies existed between the relief requested in plaintiff's complaint and their motion for default judgment).

Further, even if the Court erred by misconstruing Westchester's Complaint, reversal is not justified because Westchester invited such error. "The invited error doctrine prevents a party from inducing action by a court and later seeking reversal on the ground that the requested action was error." *United States v. Johnson*, 183 F.3d 1175, 1178 n.2 (10th Cir. 1999). In this case, Westchester induced the result that it now challenges by repeatedly focusing their Complaint on the missing collateral:

4

- "This Court has original subject matter jurisdiction over Westchester . . . because the amount of Westchester's claims against Defendants exceeds $75,000 (Westchester seeks collateral in the amount of no less than $500,000.00) . . . ." (Doc. # 1 at ¶ 8);
- "Defendants are, inter alia, obligated to post collateral with Westchester . . . ." (*Id*. at ¶ 23);
- "In pertinent part, the indemnity demand letters provide: 'As such, please let this letter serve as Westchester's formal demand that MVA and you, jointly and severally, post collateral . . . .'" (*Id*. at ¶ 26);
- "Despite these letters and other repeated informal collateral demands, Westchester has not received payment, discharge, or sufficient collateral from Defendants." (*Id*. at ¶ 27);
- "The Defendants' failure to respond to Westchester's demands and refusal to post collateral has exacerbated Westchester's concerns about the Defendants' willingness and ability to defend and indemnify Westchester as required by the [Indemnity Agreement] and prevailing law." (*Id*. at ¶ 28);
- "Unless and until the injunctive relief herein is granted, there is a clear and present threat that Westchester will lose the benefit of its bargain with the Defendants – the posting of collateral to ensure Defendants, not Westchester, satisfy their bonded obligations. Westchester simply cannot wait until all impending defaults have occurred, claims have been paid, and then litigate at that point." (*Id*. at ¶ 29);

- "Defendants must gain full and immediate access to their financial condition and immediately post collateral in the amount of no less than $521,062.00 . . . ." (*Id*. at ¶ 30); and

- "If Westchester is unable to obtain an Order requiring Defendants to place Westchester in collateral as requested in Westchester's demands, Westchester will be irreparably harmed." (*Id*. at ¶ 54).

By comparison the words "reimbursement" or "reimburse" appear in Plaintiff's Complaint only twice. (*Id*. at ¶¶ 7, 21.) References in the Complaint to Defendants' obligations to reimburse or indemnify Plaintiff for losses actually incurred never appear in a context that indicates these obligations have been triggered. (*Id*. at ¶¶ 7, 21-22, 35-36.) If Westchester wished to seek reimbursement of specific claims it negotiated and paid, it could have discussed those claims in its Complaint. This is true even if the losses were not yet final. *See* (Doc. # 28 at 8.)

Finally, reconsideration of the Court's prior Order is not appropriate where the Court denied the motion without prejudice. There is no "manifest injustice" where the Court has given leave to Plaintiff to refile its motion. *See Gometz v. United States*, 334 F. App'x 889, 892 (10th Cir. 2009) (finding appellant did not establish that dismissal of his case without prejudice resulted in "clear error or manifest injustice" because "[t]he district court's dismissal of his case was without prejudice. This means that [appellant] may file a new complaint before the district court that complies with all the rules discussed in this opinion and the district court's orders")); *see also Staten v. Kyle*, 24 F.3d 239, 239 (5th Cir. 1994) ("Because the district court dismissed without prejudice,

6

no manifest injustice will result by our refusal to address the issue."). This is especially true in the present circumstances where payment of the relief Plaintiff sought in its Complaint—$521,062.00 in collateral—would cover the reimbursement relief Plaintiff sought in their Amended Motion for Default Judgment. *Compare* (Doc. # 1 at ¶ 30), *with* (Doc. # 26 at 6, 8.) Rather than seeking reconsideration, Plaintiff should have either (1) sought leave to amend their Complaint to include allegations of specific claims paid to obligees, or (2) filed a new motion for default judgment which requested payment of the collateral they are owed.

## IV.   CONCLUSION

For the foregoing reasons, Plaintiff Westchester Fire Insurance Company's Motion for Reconsideration (Doc. # 28) is DENIED.

DATED: December 13, 2022

BY THE COURT:

CHRISTINE M. ARGUELLO
Senior United States District Judge